UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| STEVEN DRAKE and COURTENEY SQUIBB, | ) | |
|---|---|---|
| | ) | |
| *Plaintiffs*, | ) | 2:19-CV-1 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| GREENEVILLE COLLECTION SERVICE, INC., LAUGHLIN MEMORIAL HOSPITAL, INC., ALEX A. CHESNUT, and CHESNUT LAW OFFICE, LLP, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| *Defendants*. | ) | |

## **M E M O R A N D U M**

Defendants Greeneville Collection Service, Inc. ("Greeneville Collection") and Laughlin Memorial Hospital, Inc. ("Laughlin") have moved for a judgment on the pleadings for the claims alleged against them. (Doc. 44.) Plaintiffs have not filed a response and the time to do so has expired (Doc. 58).[1] For the reasons set out below, the Court **GRANTS** Defendants' motion (Doc 44).

**I.     BACKGROUND**[2]

From 2012 until 2017, Plaintiff Steven Drake ("Drake") received several medical services from Defendant Laughlin on a credit basis. (Doc. 38-1.) After he defaulted on his obligations, Defendant Laughlin hired Defendants Greeneville Collection, Chesnut Law Office, LLP ("Chesnut Law"), and Alex Chesnut to attempt to collect the debt. (Doc. 38 at 5.) On December

---

[1] On August 20, 2019, Plaintiffs moved for an extension of the deadline to respond to Defendants' motion. (Doc. 51.) The Court granted Plaintiffs' motion and extended their time to respond to October 10, 2019. (Doc. 58.)

[2] This summary of the facts accepts all of the factual allegations in Plaintiffs' Complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

5, 2017, Defendants Chesnut Law and Alex Chesnut filed a collection lawsuit against Plaintiff Drake and his wife, Courteney Squibb (together, "Plaintiffs"), in the Greene County General Sessions Court for $21,413.60 plus 6.25% interest. (Doc. 38-1.)

Plaintiff Drake learned of the collection suit on December 7, 2017. (Doc. 38 at 8.) Plaintiff Drake called Defendant Chesnut Law and was told he would need to pay twenty to twenty-five percent of his debt, or approximately $1,000, every month to pay off his debt. (*Id.*) Plaintiff Drake explained he could only afford to pay $100 per month, which he was told was not sufficient. (*Id.*) At the scheduled hearing on December 21, 2017, the judge told Plaintiff Drake to meet Defendant Alex Chesnut outside the courtroom to discuss a payment plan. (*Id.* at 9.) Defendant Alex Chesnut informed Plaintiff Drake that he would need to pay $300 per month, but ultimately agreed to Plaintiff Drake's proposal of $150 per month. (*Id.*) On December 22, 2017, a default judgment was entered against Plaintiffs based on the civil summons. (*Id.*)

On July 17, 2019, Plaintiffs filed this lawsuit against Defendants Laughlin, Greeneville Collection, Alex Chesnut, and Chesnut Law. (Doc. 38.) Plaintiffs claim the default judgment is void for lack of personal jurisdiction due to improper service of process and thus seek to have it set aside. (*Id.*) Plaintiffs also seek recovery for claims under the Equal Credit Opportunity Act ("ECOA") and the Fair Debt Collection Practices Act ("FDCPA"). (*Id.*)

Defendants Laughlin and Greeneville Collection have moved for a judgment on the pleadings for the claims filed against them. (Doc. 44.) Defendants assert the Court lacks jurisdiction under the *Rooker-Feldman* doctrine for any alleged injuries caused by the default judgment and that the remaining claims fail to state a claim upon which relief can be granted. (Doc. 45.)

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for a judgment on the pleadings after the pleadings are closed, but early enough not to delay trial.  The standard of review for a motion on the pleadings is the same standard applied in a motion to dismiss under Federal Rule of Civil Procedure 12(b).  *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  A court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *Coley v. Lucas Cty, Ohio*, 799 F.3d 530, 537 (6th Cir. 2015).  Bare legal conclusions, however, need not be accepted as true.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).   In addition, all ambiguities must be resolved in the plaintiff's favor.  *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993) (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577 (6th Cir. 1992)).

The defendant bears the burden of showing that the complaint has not stated a claim for relief.  *Coley*, 799 F.3d at 537.  To survive a motion on the pleadings, a complaint must present sufficient facts which, if true, "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when there are sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In determining whether the complaint satisfies facial probability, a court must "draw on its judicial experience and common sense."  *See id.* at 679.

If a party presents matters outside the pleadings, the court must either exclude those matters from consideration or treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(d).  Documents attached to the pleadings are considered part of the pleadings.  Fed. R. Civ. P. 10(c).

## III. DISCUSSION

The Court will first determine the applicability of the *Rooker-Feldman* doctrine and then will evaluate Plaintiffs' remaining claims.

### A. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine arises from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

In *Rooker*, a federal court declined to exercise jurisdiction over a petition to have a state court judgment declared null and void. 263 U.S. at 414–15. The Supreme Court agreed with the court's decision, explaining,

> [I]t was the province and duty of the state courts to decide [the constitutional questions]; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding.
> . . .
> [N]o court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character.

*Id.* at 415–16.

In *Feldman*, the district court declined to review a state court's decision on bar admission matters. 460 U.S. at 463. The Supreme Court again agreed with the district court's interpretation of its jurisdictional reach. *Id.* at 476 ("[T]he United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings. Review of such determinations can be obtained only in this Court.").

Together these two cases stand for the proposition that federal courts cannot review claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced . . . ." *Exxon Mobile Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 284 (2005); *see also In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) ("A United States district court has no authority to review final judgments of a state court in judicial proceedings. . . . This is true, even though the state court judgment may have been erroneous.") (internal quotations omitted).

In determining whether the *Rooker-Feldman* doctrine applies, a court must look to "the source of the injury" alleged. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*

Defendants argue the state court entered a valid judgment against Plaintiffs and thus this Court lacks jurisdiction over Plaintiffs' claims attacking that judgment's validity. (*Id.*) Specifically, Defendants contend the *Rooker-Feldman* doctrine precludes review of Plaintiffs' request to have the default judgment set aside and Plaintiffs' claims that Plaintiff Squibb did not owe the debt sought in the collection suit and should not have been named in the suit. (*Id.*) Plaintiffs have not filed a response.

Plaintiffs' request to have the state court default judgment set aside falls squarely within the *Rooker-Feldman* doctrine. Plaintiffs are asking this Court to reject a state court judgment as void, which is plainly prohibited by the *Rooker-Feldman* doctrine. *See Singleton v. Hosp. of Morristown*, Nos. 2:15-cv-287; 2:15-cv-290, 2016 WL 7315351, at *5 (E.D. Tenn. Dec. 14, 2016); *McCormick*, 451 F.3d at 393. As a result, this Court lacks jurisdiction over Plaintiffs' request to have the judgment set aside and their further requests for relief from the allegedly void judgment in the form of restitution, pre-judgment interest, and costs.

In addition, three of Plaintiffs' FDCPA claims rely on a challenge to the state court judgment and thus must also be dismissed for lack of jurisdiction. Specifically, Plaintiffs allege Defendants' inclusion of Plaintiff Squibb in the collection lawsuit violated the FDCPA by falsely representing Plaintiff Squibb owed a debt. (Doc. 38 at 20–21.) Plaintiffs also allege FDCPA violations for attempting to collect debts from Plaintiff Squibb that she did not owe (*Id.* at 21), and interest and fees that she did not contract for (*Id.* at 22). Each of these claims relies on the underlying assertion that Plaintiff Squibb did not owe the debt alleged in the civil summons. In entering the default judgment against both Plaintiffs, however, the state court necessarily found that Plaintiff Squibb did owe the amount alleged. As a result, Plaintiffs' FDCPA claims would require the Court to review and reject the state court decision, which is prohibited by the *Rooker-Feldman* doctrine. *See Singleton*, 2016 WL 7315351, at *5; *McCormick*, 451 F.3d at 393.

In contrast, the Court does have jurisdiction over Plaintiffs' claims under the FDCPA and ECOA that are based on actions independent from the state court decision. Plaintiffs claim violations under the ECOA for failure to provide notice of an adverse action (Doc. 38 at 16) and for discrimination based on marital status for attempting to collect from Plaintiff Squibb (*Id.* at 17). The source of injury for these claims is Defendants' conduct rather than the state court decision, meaning the *Rooker-Feldman* doctrine does not apply and this Court retains jurisdiction. *See McCormick*, 451 F.3d at 393.

The Court also has jurisdiction over Plaintiffs' FDCPA claims for filing in an improper venue (*Id.* at 23),[3] failure to provide statutorily required disclosures (*Id.* at 19), falsely representing

---

[3] At this stage in the litigation, the Court must construe all evidence in the light most favorable to Plaintiffs. *See Coley*, 799 F.3d at 537. As a result, Plaintiffs' claim that the collection suit was not filed in the proper venue is construed not as a challenge to the state court judgment itself, but rather the independent action of Defendants' alleged violation of the FDCPA venue provision.

that a communication is from an attorney (*Id.* at 23), and failure to include statutorily required language in subsequent communications from a debt collector (*Id.* at 24). Each of these claims is based on Defendants' actions or inactions, meaning they are independent from the state court decision and thus reviewable by this Court. *See McCormick*, 451 F.3d at 393.

      **B.**      **Remaining Claims under the ECOA**

The ECOA prohibits creditors from discriminating against applicants on the basis of marital status. 15 U.S.C. § 1691(a). Plaintiffs allege Defendant Laughlin violated this prohibition by improperly treating Plaintiff Squibb as a co-signor and failing to provide notice of an adverse action.

          **1.**      **Violation under 15 U.S.C. § 1691(a)(1)**

The FDCPA prohibits creditors from requiring spouses to co-sign for credit if the applicant-spouse qualifies on his or her own. 12 C.F.R. § 202.7(d)(1).

Plaintiffs allege Defendant Laughlin treated Plaintiff Squibb as an effective co-signor by including her in the collection lawsuit despite her not receiving any medical services or signing any contracts with Defendant Laughlin. (Doc. 38 at 16.) Defendants contend the collection lawsuit does not treat Plaintiff Squibb as a co-signor because Defendant Laughlin had the right to include her in the suit under the Tennessee Equal Consumer Credit Act. (Doc. 45 at 19.) Furthermore, Plaintiff Squibb was not required to co-sign with Plaintiff Drake for him to obtain credit. (*Id.*) As a result, Defendants assert that Plaintiffs' claim fails to state the necessary elements to survive a motion on the pleadings. (*Id.*)

Commonly known as the spouse-guarantor rule, 12 C.F.R. § 202.7(d)(1) provides that, "a creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of

7

creditworthiness for the amount and terms of the credit requested." An individual alleging a violation "need only prove that her spouse applied for credit, and . . . the creditor 'require[d] the signature of [the] applicant's spouse'. . . ." *RL BB Acquisition, LLC v. Bridgemill Commons Dev. Grp., LLC*, 754 F.3d 380, 389 (6th Cir. 2014) (citing 12 C.F.R. §§ 202.7(d)(1), 1002.7(d)(1)).

The Complaint does not allege Plaintiff Squibb was required to co-sign with Plaintiff Drake for him to obtain credit from Defendant Laughlin. Plaintiffs instead allege Defendant Laughlin has effectively treated her as a co-signor by including her in the collection suit. (Doc. 38.) The spouse-guarantor rule, however, only prohibits creditors from requiring a spouse's signature when the applicant-spouse qualifies for credit on his or her own. *See RL BB Acquisition, LLC*, 754 F.3d at 389 (remanding the issue of a violation of the spouse-guarantor rule to determine if there was "any evidence that [creditor's] requested [spouse's] signature, not merely signature of another person, as a guaranty on [debtor's] loan."). When Plaintiff Drake applied for credit from Defendant Laughlin, Plaintiff Squibb did not have to co-sign or act as a guaranty for him to obtain credit. To the contrary, Plaintiff Drake first obtained credit from Defendant Laughlin before he married Plaintiff Squibb. (Doc. 38 at 8, Doc. 38-1.)

The Complaint does not provide any facts alleging that Defendant Laughlin required a spousal signature before extending credit to Plaintiff Drake. Plaintiffs have thus failed to allege sufficient facts to state a claim against Defendant Laughlin for a violation under 12 C.F.R. § 202.7(d)(1). Accordingly, the claim will be dismissed.

### 2. Violation under 15 U.S.C. § 1691(d)

Plaintiffs have also alleged Defendant Laughlin failed to provide notice of an adverse action in violation of 15 U.S.C. § 1691(d) and 12 C.F.R. §§ 202.2(c)(1), 1002(c)(1). Plaintiffs contend the credit terms between Defendant Laughlin and Plaintiff Drake were changed when

Plaintiff Squibb was included in the collection lawsuit, but Defendant Laughlin failed to provide notice of the adverse action. (Doc. 38 at 17.)

The ECOA requires a statement of reasons when any adverse action is taken against a debtor. 15 U.S.C. § 1691(d). The threshold question, then, is whether an adverse action was taken against Plaintiff Drake.

An adverse action is defined as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d). Regulation B, which provides additional regulations as authorized by the ECOA, defines an adverse action in a similar way. *See* 12 C.F.R. § 202.2 (c)(1) (defining adverse action as "(i) [a] refusal to grant credit in substantially the amount or on substantially the terms requested in an application . . . (ii) [a] termination of an account or an unfavorable change in the terms of an account that does not affect all or substantially all of a class of the creditor's accounts."); 12 C.F.R. § 1002(c)(1) (same). Regulation B also states that an adverse action does not include "any action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. § 202.2 (c)(2).

Here, Plaintiffs assert the adverse action was filing a collection lawsuit that included Plaintiff Squibb. Plaintiffs, however, do not dispute Plaintiff Drake was in default on the debt he owed Defendant Laughlin and that the collection lawsuit was to recover this debt. (Doc. 38 at 5.) Because a creditor taking action related to defaulted debt does not fall within the definition of an adverse action, Defendant Laughlin's filing of a collection suit against Plaintiffs does not constitute an adverse action under the ECOA. *See* 12 C.F.R. § 202.2 (c)(2); *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 406–07 (6th Cir. 1998) (explaining that a creditor taking action to recover a debt in default is not an adverse action as the creditor "is certainly entitled to sue [the debtor]

9

under such a circumstance."). Even construing the evidence in the light most favorable to Plaintiffs, Defendant Laughlin did not have to provide notice to Plaintiff Drake because no adverse action was taken against him. Plaintiffs' allegation against Defendant Laughlin for an alleged violation of 15 U.S.C. § 1691(d) will thus be dismissed.

### C. Remaining Claims under the FDCPA

Plaintiffs have raised four claims under the FDCPA against Defendants Greeneville Collection, Chesnut Law, and Alex Chesnut that this Court has jurisdiction to review. Plaintiffs allege (1) the collection lawsuit was filed in an improper venue in violation of 15 U.S.C. § 1692i(a); (2) Plaintiffs were not provided written notice with statutorily required disclosures in violation of 15 U.S.C. § 1692g(a); (3) Defendants Chesnut Law and Alex Chesnut falsely represented or implied that a communication was from an attorney in violation of 15 U.S.C. § 1692e(3); and (4) on two occasions Defendants Chesnut Law and Alex Chesnut failed to disclose they were speaking with Plaintiffs in connection with a debt collection in violation of 15 U.S.C. § 1692e(11). (Doc. 38.)

#### 1. Violation under 15 U.S.C. § 1692i(a)

Plaintiffs allege a violation of the FDCPA for filing the collection lawsuit against Plaintiff Squibb in the improper venue. (Doc. 38.) Plaintiffs contend Plaintiff Squibb did not reside or engage in activity with Defendants in Greene County, where the collection suit was filed. (*Id.*) The FDCPA requires legal actions on debt to be filed either where the consumer signed the contract in question or where the consumer resided at the action's commencement. 15 U.S.C. § 1692i(a)(2). As a result, Plaintiffs assert the proper venue for the action against Plaintiff Squibb would have been Washington County, where she resided, making the filing in Greene County a violation of the FDCPA. (Doc. 38.)

Defendants argue Defendant Greeneville Collection was not a party to the collection lawsuit and Plaintiffs have not alleged any facts connecting Defendant Greeneville Collection to the filing in Greene County. (Doc. 45.) The Court agrees. Plaintiffs do not contend Defendant Greeneville Collection was a party to the lawsuit or involved in the decision of where to file it. (Doc. 38.) As the civil summons demonstrates, Laughlin Memorial Hospital was the plaintiff, the defendants were "Steven Cole Drake and Courtney Squibb Drake," and Alex Chesnut was listed as the plaintiff's attorney. (Doc. 38-1.) The only mention of Defendant Greeneville Collection in relation to the lawsuit is Plaintiffs' contention that Defendant Greeneville Collection funded the suit. (*Id.*) Plaintiffs do not allege that in paying for the lawsuit Defendant Greeneville Collection assisted in the preparation and filing of the suit or in the decision to file in Greene County. Rather, the Complaint alleges Defendants Chesnut Law and Alex Chesnut prepared and filed the suit. (Doc. 38 at 5.) Plaintiffs have failed to allege any facts that connect Defendant Greeneville Collection to the decision of where to file the lawsuit and their failure to respond "may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. Accordingly, the claim against Defendant Greeneville Collection for violating 15 U.S.C. § 1692i(a)(2) will be dismissed.

### 2. Violation under 15 U.S.C. § 1692g(a)

A debt collector, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt[,]" must send the consumer a written notice containing specific information about the debt and the collection process. 15 U.S.C. § 1692g(a).

Plaintiffs contend the civil summons filed by Defendants Chesnut Law and Alex Chesnut constituted an initial communication. (Doc. 38.) Plaintiffs explain that the summons does not include the statutorily required information and the information was not provided at a later time. (*Id.*) Defendants contend that Plaintiffs have failed to allege any conduct that would require

11

Defendant Greeneville Collection to provide disclosures as the Complaint does not allege any communications between Defendant Greeneville Collection and Plaintiffs. (Doc. 45.)

The FDCPA appears to exclude a civil summons as an initial communication. 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for the purposes of subsection (a)."). Even assuming the civil summons was an initial communication, Defendant Greeneville Collection was not a party to the lawsuit; it only provided payment for it. (Doc. 38 at 6.) Paying for litigation, however, does not necessarily involve making any direct communications within the meaning of 15 U.S.C. § 1692g(a). Even construing all the evidence in favor of the non-movant, Plaintiffs have not alleged Defendant Greeneville Collection made an initial communication to Plaintiff Drake that would trigger the requirement for subsequent disclosures. Thus, the claim against Defendant Greeneville Collection for a violation of 15 U.S.C. § 1692g will be dismissed.

### 3. Violation under 15 U.S.C. § 1692e(3)

Plaintiffs state Defendant Alex Chesnut was listed as the attorney on the civil summons, which they argue falsely implied he was professionally involved in the lawsuit before it was filed and had determined that the individual is a candidate for legal action. (Doc. 38.) Plaintiffs contend Defendant Alex Chesnut did not review any of Defendant Laughlin's claims against Plaintiff Squibb before being listed as the attorney, in violation of 15 U.S.C. § 1692e(3). (*Id.*)

Defendants argue that Plaintiffs have not alleged any facts that Defendant Greeneville Collection engaged in any activity related to the listing of Defendant Alex Chesnut as an attorney or that Defendant Alex Chesnut was acting on its behalf. (Doc. 45.)

As discussed above, the only connection between the filing of the collection suit and Defendant Greeneville Collection is that Defendant Greeneville Collection paid for the filing.

12

(Doc. 38 at 6.) The Complaint claims Defendants Chesnut Law and Alex Chesnut filed the collection lawsuit on Defendant Laughlin's behalf, which listed Defendant Alex Chesnut as the attorney. (*Id.* at 5, Doc. 38-1.) Plaintiffs have not offered any facts to suggest that Defendant Greeneville Collection had any involvement in the decision to list Defendant Alex Chesnut as the attorney on the civil summons. As a result, the claim against Defendant Greeneville Collection for a violation of § 1692e(3) will be dismissed.

### 4. Violation under 15 U.S.C. § 1692e(11)

In communicating with debtors, debt collectors must disclose the purpose of the communication is for debt collection. 15 U.S.C. § 1692e(11). Plaintiffs contend that Plaintiff Drake's conversations with Defendants Chesnut Law and Alex Chesnut regarding a payment plan were subsequent communications in connection with a debt. (Doc. 38.) Plaintiffs contend that there was no disclosure in either conversation that the communications were from a debt collector. (*Id.*) Defendants assert that the Complaint does not allege any facts connecting Defendant Greeneville Collection to these communications. (Doc. 45.)

As discussed above, Plaintiffs failed to allege any direct communications between Defendant Greeneville Collection and Plaintiffs regarding the debt. Even construing the evidence in the light most favorable to the non-movant, Plaintiffs have not alleged any facts that Defendant Greeneville Collection failed to make required disclosures in subsequent communications because there is no evidence of any subsequent communications. Therefore, Plaintiffs' claim against Defendant Greeneville Collection for an alleged violation of 15 U.S.C. §1692e(11) will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion (Doc. 44) as follows:

1. Plaintiffs' claims requesting this Court set aside the state court default judgment and award Plaintiffs restitution, pre-judgment interest, and damages will be **DISMISSED** for lack of jurisdiction;

2. Plaintiffs' claims against Defendants under the FDCPA for (1) false representation of the character, amount, and legal status of the debt; (2) attempting to collect debts from Plaintiff Squibb that she does not owe; and (3) attempting to collect interest and fees from Plaintiff Squibb without a contract will be **DISMISSED** for lack of jurisdiction;

3. Plaintiffs' claims against Defendant Laughlin for violations of 15 U.S.C. §§ 1691g and 1691a(1) will be **DISMISSED** for failure to state a claim upon which relief can be granted; and

4. Plaintiffs' claims against Defendant Greeneville Collection for violating 15 U.S.C. §§ 1692i, 1692g, 1692e(3), and 1692e(11) will be **DISMISSED** for failure to state a claim upon which relief can be granted.

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**